ILLINOIS CENT. R. CO. *v.* BAUER.

[75 South. 376, Division A.]

1. CARRIERS. *Live stock. Notice of claim. Validity.*

A provision of a railroad stock contract, requiring notice of loss or damage to live stock to be given certain specified railroad employees within ten days after the stock is removed from the cars, is valid as to interstate shipment.

2. CARRIERS. *Live stock. Notice of claim. Waiver.*

A provision in a railroad live stock shipping contract, requiring claims for loss or damage to be verified by affidavits and presented to certain specified railroad agents within ten days after the stock is removed from the cars, is waived where the shipper wrote defendant's general claim agent regarding his claim within such ten days and the claim agent negotiated with the shipper in regard to such claim.

APPEAL from the circuit court of Grenada county. HON. H. H. RODGERS, Judge.

Suit by C. A. Bauer against the Illinois Central Railroad Company. From a judgment for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*Mayes, Wells, May & Sanders,* for appellant.

*J. L. Barnard,* for appellee.

HOLDEN, J., delivered the opinion of the court.

This is an appeal from the circuit court of Grenada county, where the appellee, C. A. Bauer, recovered judgment against the appellant railroad company, for the sum of two hundred and twenty dollars as damages for injury to stock in transit from Omaha, Neb., to Kirkham, Miss.; the judgment being based upon the loss of one mule and one horse, of the value of one hundred dollars each.

It appears from the testimony in the case that when the car containing the horse and mule, with other stock therein, arrived at Kirkman, its destination, one of the legs of the horse was broken above the knee, and, being considered worthless, was shot after being taken from the car. The mule had a cut on his right hind leg eight inches long when unloaded from the car, and died, from some cause not shown by the record, about three months later.

The contract of shipment between the shipper and the railroad company contained a clause limiting the value of the mule and horse to one hundred dollars each. This contract of shipment also expressly stipulated that:

"No claim for loss or damage to stock shall be valid against said railroad company, unless it shall be made in writing, verified by affidavit and delivered to the general freight agent or freight claim agent, of the

railroad company, or to the agent of the company at the station from which the stock is shipped, or to the agent of the company at the point of destination, within ten days from the time said stock is removed from said cars.''

The testimony offered by the plaintiff substantially tended to show that the injury to the animals was caused by the rough and negligent handling of the car in which they were being transported. On the day that the injured animals were removed from the car the appellee Bauer, reported the injury and damage to the mule and horse to one Mr. Scott, who was pointed out to appellee, as the claim agent of appellant railroad company. Mr. Scott advised appellee to write to B. D. Bristol, the general freight claim agent, at Chicago, in regard to the claim for the injury to the stock. Appellee Bauer, according to his testimony, wrote to the said B. D. Bristol, general freight claim agent, at Chicago, within twenty-four hours after the stock was unloaded from the car, and advised Mr. Bristol of the injury and loss of the horse, but said nothing in the letter with reference to the injury to the mule. Appellee testified that he mailed this letter to Mr. Bristol, and the record shows several letters subsequently received by appellee from Mr. Bristol regarding the claim for the damage and loss of the horse, but it nowhere appears that any claim for the damage or loss of the mule was made by appellee until after the death of the mule, which was about three months subsequent to the unloading of the stock from the car.

The appellant railroad urges here that no recovery can be had, and that a peremptory instruction should have been granted to the defendant in the lower court, because the appellee. Bauer, failed to comply with the stipulation in the contract of shipment, which required that he file his claim for loss or damage to the stock with the proper agent within ten days from the time the stock was removed from the car.

While the ten-day stipulation is valid and binding upon a shipper, still it may be waived by the acts and conduct of the proper agents of the railroad company. It seems that the shipper, Bauer, notified the general freight claim agent of the appellant, within ten days, who was the proper party to deal with in the matter, and the general freight claim agent, Mr. Bristol, accepted this notice by mail, and it appears by his letters to the appellee, Bauer, accepted notice and undertake to negotiate with reference to the claim for the loss and damage to the horse in question. Therefore the appellant railroad company, through its proper agent, waived, as to the horse, the ten-day notice requirement and stipulation in the contract of shipment. The lower court should have instructed the jury that Bauer could not recover for the loss of the mule. The recovery for the horse, at a value of one hundred dollars, as fixed and limited by the shipping contract, is maintainable, and should stand for that amount.

The judgment of the lower court is reversed, and judgment entered here for appellee for one hundred. dollars for the horse.

*Reversed.*